**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| TORAMINE LAVORID MCKINNIE, )<br>　　　　　　　　　　　　　　　　　　)<br>　　Movant,　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　)　　Cv. No. 2:20-cv-2268-SHM-tmp<br>v.　　　　　　　　　　　　　　　　　)　　Cr. No. 2:14-cr-20171-SHM-10<br>　　　　　　　　　　　　　　　　　　)<br>UNITED STATES OF AMERICA,　　　　)<br>　　Respondent.　　　　　　　　　　　) | |

**ORDER DENYING & DISMISSING MOTION PURSUANT TO 28 U.S.C. § 2255
ORDER DENYING CERTIFICATE OF APPEALABILITY
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court are the *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (§ 2255 Motion, ECF No. 1) filed by Movant Toramine Lavorid McKinnie, Bureau of Prisons register number 27049-076; the Response of the United States in Opposition to Defendant's § 2255 Motion (ECF No. 7); and Movant's Reply to Response of the United States In Opposition to Defendant's § 2255 Motion (ECF No. 8). For the reasons stated below, the § 2255 motion is **DENIED** and **DISMISSED** as untimely.

**I.　PROCEDURAL HISTORY**

　　**A.　Criminal Case Number 2:14-cr-20171-SHM-10**

On January 29, 2015, a federal grand jury in the Western District of Tennessee returned a Fourth Superseding Indictment charging McKinnie with conspiracy to possess cocaine with the intent to distribute, in violation of 28 U.S.C. §§ 841(b)(1)(B)(ii) and 846 (Count One), and aiding and abetting possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1)

and § 2 (Count Seven). (Cr. No. 14-20171, ECF No. 302 at PageID 571–78.) On July 24, 2015, McKinnie pled guilty to Count One. (ECF Nos. 502 & 505.) Count Seven was dismissed at sentencing. (*See* ECF No. 678 at PageID 1361.) On November 30, 2015, McKinnie was sentenced to 63 months in prison. (ECF No. 676.)[1] Judgment was entered that day. (ECF No. 678.) McKinnie did not appeal.

### B.  Civil Case Number 20-2268-SHM-tmp

On April 8, 2020, McKinnie filed a § 2255 Motion alleging ineffective assistance of pretrial and sentencing counsel. (Civ. No. 20-2268, ECF No. 1 at PageID 4-5.) He declared that the motion was placed in the prison mailbox on February 29, 2020. (*Id.* at PageID 12.) Addressing the timeliness of the motion, McKinnie asserts that 28 U.S.C. § 2255 is available only to people who are in custody and that he was unable to file his § 2255 Motion before his conviction became final and he was transferred to the custody of the Bureau of Prisons ("the BOP"). (*Id.* at PageID 10.) He argues that he was not in federal custody until after October 2019. (*Id.*)

On May 11, 2020, the Government filed its response and asserted that McKinnie's § 2255 Motion was untimely filed and that he was not entitled to equitable tolling. (ECF No. 7 at PageID 50, 53.) On May 22, 2020, McKinnie replied. (ECF No. 8.)

## II.   THE LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996) (codified, *inter alia*, at 28 U.S.C. §§ 2244, *et seq.*) ("AEDPA"),

---

[1] The sentence was to be served consecutive to any sentence imposed in Case No. 6672 in the Haywood County Circuit Court in Brownsville, Tennessee. (Cr. No. 14-20171, ECF No. 678 at PageID 1362.)

amended 28 U.S.C. §§ 2244(b) and 2255.  AEDPA limits a defendant to his direct appeal and one collateral attack, filed within one year of the date his conviction becomes final.  Paragraph (f) of 28 U.S.C. § 2255 provides:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of-
>
> (1)      the date on which the judgment of conviction becomes final;
>
> (2)      the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)      the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)      the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Generally, "a conviction becomes final for purposes of collateral attack at the conclusion of direct review." *United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002).  For a defendant who does not take a direct appeal, the judgment of conviction becomes final upon the expiration of the time for him to seek direct review.  *See Johnson v. United States*, 457 F. App'x 462, 464–65 (6th Cir. 2012); *see Sanchez-Castellano v. United States*, 358 F.3d 424, 426–27 (6th Cir. 2004).  Under the Federal Rules of Appellate Procedure, a defendant in a criminal case normally has fourteen days from entry of judgment in which to appeal.  *See* Fed. R. App. P. 4(b)(1)(A)(i).

The one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling under extraordinary circumstances.  *Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012).  "The doctrine of equitable tolling allows federal courts to toll a statute of limitations when a litigant's failure to meet a legally mandated deadline unavoidably arose from

circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks and citation omitted). "[T]he doctrine of equitable tolling is used sparingly by the federal courts." *Robertson*, 624 F.3d at 784. "The party seeking equitable tolling bears the burden of proving he is entitled to it." *Id.* A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Fla.*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

### III. ANALYSIS

Because McKinnie did not appeal his conviction, the judgment of conviction became final on December 14, 2015, fourteen days after the entry of judgment. *See* Fed. R. App. P. 4(b)(1)(A). The running of the § 2255 statute of limitations commenced on that date and expired one year later, on December 14, 2016. McKinnie did not file his § 2255 Motion until 2020, more than three years later.[2]

Respondent argues that McKinnie's motion is untimely under 28 U.S.C. § 2255(f)(1) and that McKinnie has not asserted any other basis that would trigger the statute of limitations. (ECF No. 7 at PageID 50-51.) To the extent McKinnie argues he is entitled to equitable tolling because he was serving a state sentence until October 2019, Respondent relies on *Ward v. Knoblock*, 738 F.2d 134, 139–40 (6th Cir. 1984), and *Ospina v. United States*, 386 F.3d 750, 752 (6th Cir. 2004), to assert that McKinnie's argument that his state custody prevented the filing of his § 2255 Motion is unsound. (*Id.* at PageID 51–52.) Respondent argues that McKinnie could

---

[2] McKinnie has made no effort to explain the difference of nearly 40 days between when he declares he placed his § 2255 motion in the prison mailbox and when it was filed. The Court need not address that issue given the more than three-year delay in filing the § 2255 Motion.

have challenged his federal sentence while in state custody and that his ignorance of the law about the time for filing does not support equitable tolling. (*Id.* at PageID 51–53.)

McKinnie replies that *Ospina* is unfairly restrictive and fails to consider that a state prisoner must research and write his § 2255 motion with his "own limited knowledge and whatever resources might be available in the State's prison law library." (ECF No. 8 at PageID 57.) He argues that any reasonable person would understand that the "in custody" requirement of 28 U.S.C. § 2241(c) means federal custody. (*Id.*) McKinnie contends that the Court and his attorney did not inform him of the § 2255 deadline and that "AEDPA norms that tightly restrict a prisoner appearing *pro se* access to habeas corpus relief should be amended to include a notification to a federally-sentenced prisoner that his one-year time limit for filing runs while he is in state custody, even if he has not yet begun to serve his federal sentence." (*Id.* at PageID 56.) McKinnie argues that state prisoners may not have access to federal case law and may not be able to get assistance with a federal case. (*Id.*) He acknowledges that the law of the Sixth Circuit states that lack of access to a lawyer, legal materials, or legal help ordinarily does not excuse the untimely filing of a § 2255 motion. (*Id.* at PageID 57.) However, he opines that this is unfair and that "it is unreasonable for him to discover, on his own, that he has only one year to file for relief from a sentence that he has not yet begun to serve." (*Id.* at PageID 57–58.) McKinnie asks the Court to "consider admonishing federally sentenced state prisoners that they have one year to file a habeas corpus challenge[] to their federal sentence, even if they are not yet in federal custody" and "warn and inform prisoners so situated." (*Id.*) McKinnie asserts that the Court should consider his § 2255 Motion as timely filed because:

> (1) the state prison library did not have federal legal materials and he could not research his federal claims; (2) he was unschooled in federal law and there was no one "knowledgeable in the law" to provide him legal assistance at the State

5

institution until his arrival at the federal prison; and (3) he had no knowledge he could "challenge his federal sentence" or "that there was a statute of limitations."

(*Id.*)

McKinnie argues that, unlike his case, there was an intervening warning about the statute of limitations in *Ospina*. (*Id.* at PageID 59.) He asks the Court to consider the fundamental unfairness of denying his § 2255 Motion as time-barred. (*Id.*)

The date McKinnie began serving his federal sentence is irrelevant to the limitations calculation and his status as "in custody" under 28 U.S.C. § 2255. A prisoner is in custody for purposes of § 2255 when he is incarcerated in federal or state prison, provided a federal court has sentenced him. *Ward*, 738 F.2d at 138. In *Ospina*, 386 F.3d at 753, the Sixth Circuit rejected the argument that the statute of limitations began to run only after the prisoner completed his state sentence and was taken into the physical custody of the BOP. McKinnie must "use § 2255 while he is in state prison ... to prevent the statute of limitations from barring his action." *Id.*; *see Whiteside v. United States*, No. 20-6144, 2021 WL 1400908, at *2 (6th Cir. Feb. 12, 2021)(denying a certificate of appealability because a reasonable jurist would not debate that movant "was required to file a timely § 2255 motion within one year of the date his conviction became final, even if he was incarcerated in state prison").

McKinnie contends that "it is most likely that state prison law libraries may not even include any federal case law. . . .. It is exceedingly unlikely that the state prisoner will find anyone to help him with a federal case." (*Id.* at PageID 57.) To the extent McKinnie argues that his lack of access to federal materials and legal assistance while in state prison warrant relief, the Sixth Circuit has addressed this issue as an impediment to filing under 28 U.S.C. § 2255(f)(2).

In *Simmons v. United States*, 974 F.3d 791, 795 (6th Cir. 2020), *cert. denied,* 211 L. Ed. 2d 274, 142 S. Ct. 23 (2021), the Sixth Circuit noted that "[t]he circuits that have addressed this question agree that a lack of access to certain legal resources may constitute an impediment under Section 2255(f)(2)." The court "assume[s] that a lack of federal materials for a prisoner to challenge his conviction or confinement, combined with a lack of a legal assistance program, constituted an unconstitutional impediment under Section 2255(f)(2)." However, the Sixth Circuit concluded that an allegation of an unconstitutional impediment is not sufficient to delay triggering the statute of limitations. *Id.* at 796. "[A] prisoner is at least required to allege a causal connection between the purported constitutional impediment and how the impediment prevented him from filing on time. Simmons did not. His conclusory assertion that the lack of access 'prevented him' from filing is not enough." *Id.* at 798.

In this case, as in *Simmons*, McKinnie has not alleged "how the supposedly inadequate state law libraries or lack of legal assistance had any bearing on his failure to file while in state custody." *See id*. at 797. McKinnie provides bare conclusory statements about the lack of access to federal legal materials and that no one could provide legal assistance at the State institution. He does not allege any facts about the information he sought or about being denied information or legal assistance as it relates to filing a § 2255 Motion. McKinnie has not established that the purported impediment prevented the timely filing of his § 2255 Motion. *See Famous v. Fuchs*, 38 F.4th 625, 632 (7th Cir. 2022) (where movant "gave no description about the nature or extent of his alleged deprivation," "left the district court to guess as to whether he was complaining that the State did not take the initiative in supplying him with such a copy, whether he ever asked for a copy, or whether the law library, although making the statutory provision available for him to read, simply did not provide a copy," and "simply provide[d] no

7

information about his interaction with state employees at the prison on this subject," the paucity of factual narrative was "legally insufficient to sustain an assertion that the State had created a constitutional impediment to a timely filing").  McKinnie has not pled sufficient facts and the causal connection necessary to invoke § 2255(f)(2) and to delay triggering the statute of limitations.

McKinnie's § 2255 Motion was filed more than four years after the date his federal conviction became final.  His § 2255 Motion is untimely.

McKinnie argues for equitable tolling because the Court and his lawyer did not advise him that the statute of limitations began to run from the date his conviction became final, regardless of the fact that he was in state prison and his federal sentence ran consecutive to the state sentence.  (*See* ECF No. 8 at PageID 56.)  "A petitioner's ignorance of the law and pro se status are, of course, not excuses for a lack of diligence."  *Avery v. Wainwright*, No. 20-3530, 2022 WL 1498431, at *6 (6th Cir. May 12, 2022); *see Falkowski v. United States*, No. 21-6111, 2022 WL 1659297, at *2 (6th Cir. May 11, 2022), *cert. denied*, No. 22-5394, 2022 WL 6572833 (U.S. Oct. 11, 2022) ("It is a well-established principle that ignorance of filing deadlines does not warrant equitable tolling."); *see also Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) ("ignorance of the law alone is not sufficient to warrant equitable tolling").  Lack of legal training and legal resources do not justify equitable tolling.  *See Monk v. Gray*, No. 20-3294, 2020 WL 5513350, at *2 (6th Cir. Aug. 3, 2020) (denying a certificate of appealability because "those circumstances are not so extraordinary to demonstrate equitable tolling"); *see Taylor v. United States*, 518 F. App'x 348, 350 (6th Cir. 2013) ("Inadequate prison legal resources, without more, do not constitute extraordinary circumstances warranting equitable tolling").

McKinnie pled guilty and presents no argument for equitable tolling based on facts supporting a claim of actual innocence. (*See* ECF No. 1.) *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (a credible claim of actual innocence may overcome AEDPA's limitations period); *see Robertson*, 624 F.3d at 784 ("The party seeking equitable tolling bears the burden of proving he is entitled to it."). McKinnie has not shown that it is "more likely than not that no reasonable juror would find him guilty beyond a reasonable doubt" and has not presented a credible claim of actual innocence. *See Falkowski*, 2022 WL 1659297, at *3.

McKinnie supplements his argument that he could not file until he was in federal custody with a general argument that he lacked federal legal resources while in state prison. McKinnie provides no information about what legal resources he pursued while in state prison or when he learned that he should be pursuing his claims under 28 U.S.C. § 2255. McKinnie has not demonstrated that he was diligent in pursuing his rights or that extraordinary circumstances caused his untimely filing. He has not made a credible claim of actual innocence.

McKinnie's § 2255 Motion is untimely, and he has not demonstrated a basis for equitable tolling. The § 2255 Motion is **DISMISSED WITH PREJUDICE** as time-barred. Judgment shall be entered for the United States.

IV.   **APPELLATE ISSUES**

Pursuant to 28 U.S.C. § 2253(c)(1), the district court is required to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

The COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. § 2253(c)(2), (3).  A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citation and internal quotation marks omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same).  A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011).  Courts should not issue a COA as a matter of course.  *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005) (quoting *Miller-El*, 537 U.S. at 337).

In this case, for the reasons stated, Movant's claim is untimely, and he has not demonstrated a basis for equitable tolling.  Therefore, he cannot present a question of some substance about which reasonable jurists could differ.  The Court therefore **DENIES** a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997).  Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Fed. R. App. P. 24(a). *Kincade*, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.  Fed. R. App. P. 24(a)(1).  However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or

10

otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal *in forma pauperis* is **DENIED**. If Movant files a notice of appeal, he must also pay the full $505 appellate filing fee (*see* 28 U.S.C. §§ 1913, 1917) or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days (*see* Fed. R. App. P. 24(a) (4)-(5)).

IT IS SO ORDERED this 29th day of November, 2022.

      *s/   Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE